**Receipt number AUSFCC-8321930**

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CLARISSA GRIMES, individually and on behalf of similarly situated persons,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. **22-1682C**<br><br>**COMPLAINT IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT** |

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Daniel M. Rosenthal
　　　　　　　　　　　　　　　　　　JAMES & HOFFMAN, P.C.
　　　　　　　　　　　　　　　　　　1629 K Street, NW
　　　　　　　　　　　　　　　　　　Suite 1050
　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　202-496-0500
　　　　　　　　　　　　　　　　　　dmrosenthal@jamhoff.com

　　　　　　　　　　　　　　　　　　Angela L. Walker (MI P67625)
　　　　　　　　　　　　　　　　　　Frances J. Hollander (MI P82180)
　　　　　　　　　　　　　　　　　　BLANCHARD & WALKER, PLLC
　　　　　　　　　　　　　　　　　　221 North Main Street, Suite 300
　　　　　　　　　　　　　　　　　　Ann Arbor, MI 48104
　　　　　　　　　　　　　　　　　　(734) 929-4313
　　　　　　　　　　　　　　　　　　walker@bwlawonline.com
　　　　　　　　　　　　　　　　　　hollander@bwlawonline.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff and the Collective*

Dated: November 15, 2022

## INTRODUCTION

1. Plaintiff brings this collective action on behalf of herself and a collective of similarly situated federal employees who were denied overtime pay under the Fair Labor Standards Act (FLSA).

2. In March 2021, Defendant United States recruited Federal government civilian employees to leave their normal jobs temporarily to go on an up to 120-day deployment detail to support the Office of Refugee Resettlement at facilities for unaccompanied children.

3. Plaintiff's ordinary job duties are exempt from the FLSA. However, under a regulation issued by the Office of Personnel Management (OPM), exempt employees generally must be treated as non-exempt if they spend more than 30 days in a detail performing non-exempt work. *See* 5 U.S.C. § 551.211.

4. Here, during the detail, Plaintiff and other similarly situated employees performed work, such as supervising children, that was outside any exemption to the FLSA.

5. Yet, in violation of the FLSA and 5 U.S.C. § 551.211, the employees were given no overtime pay for work exceeding 40 hours per week or 8 hours per day.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(1) because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Back Pay Act, 5 U.S.C. § 5596, against the United States of America.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1491(a)(1).

## PARTIES

8. Plaintiff Clarissa Grimes is an adult citizen of the United States, residing in Detroit, Michigan. Beginning in September 2018, Ms. Grimes was as an Attorney Advisor for the

Department of Justice. From May 2021 to July 2021, Ms. Grimes was a detailee for "Operation Artemis," described below.

9. Plaintiff Grimes was an employee of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2105, 5541.

10. Plaintiff Grimes' Opt-in Consent Form is attached as Exhibit A.

11. Plaintiff brings this action on her own behalf and on behalf of others similarly situated, including all individuals who may choose to opt-in to this action who worked as detailees for Operation Artemis for Defendant and who were denied overtime pay for hours worked over forty (40) hours per week. Similarly situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

12. With respect to the allegations made in this Complaint, Defendant the United States of America has acted principally through the Office of Refugee Resettlement ("ORR"), and the United States Department of Health and Human Services ("HHS"), as well as detailees' home agencies. At all relevant times, the agents, officers, and representatives of the United States who took the actions at issue were duly authorized by the United States to take those actions. Thus, Defendant the United States is ultimately responsible for the actions described in this Complaint.

13. Defendant and its involved agencies are, and at all material times have been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

## STATEMENT OF FACTS

### *Operation Artemis*

14. In March 2021, the United States Office of Personnel Management ("OPM") sought interested candidates to serve up to a 120-day voluntary deployment detail as part of the

United States Department of Health and Human Services ("HHS"), Administration for Children and Families ("ACR"), Office of Refugee Resettlement ("ORR"), Unaccompanied Children ("UC") Program. This program was colloquially known as "Operation Artemis."

15. ORR's Unaccompanied Children Program aims to provide a safe and appropriate environment to children and youth who enter the United States without immigration status and without a parent or legal guardian who can provide for their physical and mental well-being.

16. ORR provides care including placement in foster care, shelter, or residential care to provide temporary housing and other services to unaccompanied children in its custody.

17. ORR sought to recruit Federal government civilian employees to serve temporarily on detail to support ORR at facilities for unaccompanied children for up to a 120-day deployment.

18. 5 C.F.R. § 551.211 addresses the FLSA status of employees who are ordinarily exempt from the requirements of the FLSA, but who perform non-exempt work for an extended period.

19. Under the regulation, federal employees who serve as detailees and whose primary duties are nonexempt during the emergency generally become temporarily FLSA non-exempt, even if they are normally exempt at their home agencies. *See* 5 U.S.C. § 551.211(e).

20. While performing work for Operation Artemis, detailees performed work that was not exempt from the requirements of the FLSA. This work included maintaining line of sight and supervision of children to ensure the safety of the children.

21. At times, detailees ran activities for the children. These activities included English classes, art classes, and sports classes.

22. At other times, detailees were assigned to a specific cabin. In that case, detailees were responsible for communicating with the children, guiding the children to activities, guiding

4

the children from class to class, telling them about the expectations for the facility, and helping with meals for the children.

23. Detailees assisted with maintaining a structured environment for the children and were responsible for supervising the children at the facility and ensuring that they remained safe.

24. Detailees were told in writing that they would be treated as FLSA non-exempt during the detail.

25. During the detail, Plaintiff and other similar-situated employees were required to work significant amounts of overtime hours, including during evenings and weekends.

26. HHS-ORR was responsible for managing detailees' overtime, including establishing procedures for the approval of overtime.

27. Detailees' home agency was responsible for paying them while on detail. However, HHS-ORR was supposed to reimburse agencies for all base pay, overtime, and premium pay incurred by employees while serving on detail.

28. Defendant stated in writing in a handbook provided to Plaintiff and others similarly situated that the employee's FLSA designation was based on the work detailees were performing with ORR and that, therefore, detailees were subject to the FLSA (*i.e.*, FLSA non-exempt).

*Plaintiff Clarissa Grimes*

29. Plaintiff was an "Attorney Advisor" for the Department of Justice from September 2018 through July 2021. During this time period, her normal workplace was Detroit, Michigan.

30. Beginning in May 2021, Plaintiff was a detailee on an assignment with HHS-ORR.

31. While Plaintiff was a detailee, Defendant often required Plaintiff and others similarly situated to work 5 to 7 days each week and shifts of at least 10 hours.

32. As a result of Defendant's requirement that Plaintiff and others similarly situated work 5-7 days a week for shifts of 10 hours or more, Plaintiff and the putative collective members regularly worked more than 8 hours in a day and well over forty hours each workweek.

33. Plaintiff and other similarly situated employees were only paid for a 40-hour work week, regardless of how much overtime work they performed.

34. During all relevant times, Plaintiff and other putative collective members worked additional hours in excess of forty (40) in a workweek.

35. While on detail, Plaintiff and other similarly situated employees performed only non-exempt job duties.

36. During all relevant times, Defendant had knowledge that Plaintiff and other putative collective members worked hours in excess of forty (40) in a workweek performing non-exempt job duties.

37. During all relevant times, Defendant willfully failed to compensate Plaintiff and other putative collective members with overtime pay at one and one-half times their regular hourly rate or pay for hours worked in excess of forty (40) in a workweek while on detail.

## **COLLECTIVE DEFINITION**

38. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for Defendant as detailees for Operation Artemis and who did not receive overtime compensation when they worked more than forty (40) hours a week while on detail (the "FLSA Collective" or "Collective")

39. Plaintiff reserves the right to seek to redefine the Collective prior to moving for notice and certification, and thereafter, as necessary.

## **COUNT I**

**Unpaid Overtime Violation of**
**The Fair Labor Standards Act of 1938 ("FLSA")**

40. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

41. Defendant is an employer within the coverage of the FLSA, 29 U.S.C. § 203(d).

42. Plaintiff and the putative collective members are employees within the coverage of the FLSA, 29 U.S.C. § 203(d).

43. The FLSA collective includes individuals who provided services for Defendant for Operation Artemis but were not paid an overtime premium for hours worked over 40 in a workweek or 8 hours in a day.

44. Defendant was required under the FLSA and OPM regulations to compensate Plaintiff and others similarly situated at one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week or 8 hours in a day while they were working on detail performing non-exempt work for Operation Artemis.

45. Defendant's violations of the FLSA were knowing and willful.

46. Defendant is liable to Plaintiff and collective members for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

**COUNT II**
**Back Pay Act**

47. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

7

48. Plaintiff and others similarly situated were subject to an unjustified personnel action (*i.e.*, the failure to treat them as FLSA-non-exempt during their detail), resulting in loss of pay (*i.e.*, loss of overtime pay).

49. Plaintiff and others similarly situated are entitled to back pay, interest, attorney fees, and costs under 5 U.S.C. § 5596.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Permission to send notice to members of the collective defined above and for those individuals to opt-in to this action, pursuant to § 216(b) of the FLSA;

2. All damages to which the named Plaintiff and collective members may be entitled under the FLSA and Back Pay Act;

3. Liquidated and multiple damages as allowed by law, including double damages for the FLSA claim;

4. Interest under the Back Pay Act;

5. Attorneys' fees and costs under the FLSA and Back Pay Act; and

6. Any other relief to which Plaintiff and the collective may be entitled.

Respectfully submitted,

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal
JAMES & HOFFMAN, P.C.
1629 K Street, NW
Suite 1050
Washington, District of Columbia 20006
202-496-0500
dmrosenthal@jamhoff.com

Angela L. Walker (MI P67625)
Frances J. Hollander (MI P82180)
BLANCHARD & WALKER, PLLC

221 North Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
walker@bwlawonline.com
hollander@bwlawonline.com

*Attorneys for Plaintiff and the Collective*