IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| CLARISSA GRIMES, individually and on behalf of similarly situated persons, ,     Plaintiff, v. THE UNITED STATES,     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 22-1682 Judge Smith |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are characterizations of their case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits.

9. The allegations contained in paragraph 9 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact.

10. Admits.

11. The allegations contained in paragraph 9 are plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

12. Admits the allegation contained in paragraph 12 that the Government acted through various agencies with respect to the detailee program.  The remaining allegations contained in paragraph 12 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

15. Admits.

16. Admits the allegation contained in paragraph 16 that ORR provides care and custody to certain children who meet the statutory definition of an unaccompanied child, following after transfer and referral from another Federal department or agency, and placement in a variety of forums, including but not limited to those identified in paragraph 16; otherwise denies the allegations contained in paragraph 16.

17. Admits.

18. The allegations contained in paragraph 18 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 that some detailees under Operation Artemis were assigned to perform line-of-sight (LOS) supervision of children. The remaining allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 that some detailees under Operation Artemis performed the functions identified in paragraph 21; otherwise, denies.

22. Admits the allegations contained in paragraph 22 that some detailees under Operation Artemis performed the functions identified in paragraph 22; otherwise, denies.

23. Admits the allegations contained in paragraph 23 that some detailees under Operation Artemis performed the functions identified in paragraph 23; otherwise, denies.

24. Admits.

25. Admits the allegations contained in paragraph 25 that some detailees under Operation Artemis were required to work hours in excess of 8 hours per day and/or 40 hours per week, as well as on weekends or in the evenings; the remaining allegations are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. Admits.

27. Admits.

28. Admits the allegation contained in paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

29. Admits.

30. Admits.

31. Admit the allegations contained in paragraph 31 that some detailees under Operation Artemis were required to work hours in excess of 8 hours per day and/or 40 hours per week, as well as on weekends or in the evenings; otherwise, denies.

32. Admit the allegations contained in paragraph 32 that some detailees under Operation Artemis were required to work 5-7 days a week for shifts in excess of 8 hours per day and/or 40 hours per week, as well as on weekends or in the evenings; otherwise, denies.

33. Admits that some detailees under Operation Artemis were paid 40-hour work weeks, otherwise denies the allegations contained in paragraph 33.

34. Denies the allegation contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to its truth.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admit the allegations contained in paragraph 36 that the Government knew that some detailees under Operation Artemis were required to work hours in excess of 8 hours per day and/or 40 hours per week, as well as on weekends or in the evenings.  Denies the allegation contained in paragraph 36 that plaintiff's supervisors knew that she worked in excess of 40 hours in a workweek during all relevant times, for lack of knowledge or information sufficient to form a belief as to its truth.  Denies the allegation contained in paragraph 36 that supervisors of persons situated similarly to plaintiff knew that they worked in excess of 40 hours in a workweek

during all relevant times, for lack of knowledge or information sufficient to form a belief as to its truth.  The allegation contained in paragraph 36 that the duties performed by the detailees were nonexempt is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

37. The allegations contained in paragraph 37 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies the allegation contained in paragraph 38 that plaintiff was not employed as an attorney during her detail.  Admits the allegation contained in paragraph 38 that the Department of Justice asserted that attorneys were not permitted to receive overtime, pursuant to statute.  The remaining allegations contained in paragraph 38 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegation contained in paragraph 39 is plaintiff's characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

40. The allegation contained in paragraph 40 is plaintiff's characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

41. Defendant's responses to paragraphs 1 through 40 of the complaint are incorporated by reference.

42. The allegation contained in paragraph 42 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

43. The allegation contained in paragraph 43 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

44. The allegation contained in paragraph 44 is plaintiff's characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

45. The allegation contained in paragraph 45 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

46. The allegation contained in paragraph 46 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

47. The allegation contained in paragraph 47 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

48. Defendant's responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. The allegations contained in paragraph 49 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegation contained in paragraph 50 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

51. Denies each and every allegation not previously admitted or otherwise qualified.

52. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 50, or to any relief whatsoever

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

– 7 –

                                                s/ Steven G. Gillingham  
STEVEN G. GILLINGHAM  
Assistant Director

s/ Andrew Hunter  
ANDREW HUNTER  
Trial Attorney  
U.S. Department of Justice  
Civil Division  
Commercial Litigation Branch  
P.O. Box 480  
Ben Franklin Station  
Washington, D.C. 20044  
Telephone: (202) 305-4726  
Facsimile: (202) 514-8624  
Email:  andrew.hunter@usdoj.gov  

Dated: February 2, 2023                              *Attorneys for the United States*