## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CLARISSA GRIMES, individually and
on behalf of similarly situated persons,

                    Plaintiff,

v.

THE UNITED STATES OF
AMERICA,

                    Defendant.

Case No. 22-1682
Judge Smith

### PLAINTIFF'S UNOPPOSED MOTION FOR NOTICE

Plaintiff Clarissa Grimes respectfully asks the Court to authorize notice to similarly-situated individuals of this case under the Fair Labor Standards Act (FLSA).

Grimes is a former employee of the U.S. Department of Justice (DOJ) who was detailed in 2021 to Department of Health and Human Services Office of Refugee Resettlement Unaccompanied Children Program (which we will refer to as the Program). Although Grimes's position at DOJ was classified as exempt from the FLSA, Grimes alleges that she performed non-exempt duties while on detail and was thus entitled to time-and-one-half overtime pay under 5 C.F.R. § 551.211(e) (providing that an exempt employee should be treated as non-exempt if they perform temporary non-exempt duties for more than 30 consecutive days).

Grimes now asks the Court to authorize notice to other DOJ employees who are likely similarly situated with respect to the claims set forth in her complaint. Specifically, Plaintiff seeks notice to individuals who meet the following criteria:

(1) They were employed by the Department of Justice;

(2) They were classified as FLSA exempt;

(3) At any point within the past three years, while a DOJ employee, they went on a detail through the Program;

(4) While on detail, they performed any of the following positions/duties, or any similar position/duty: Youth Care Worker; Onsite Volunteer Coordinator; Youth Care Volunteer; Case Management Volunteer; Line of Sight (LOS); Child Supervision; Spanish Translator; Phone Center Support; Unaccompanied Children (UC) Discharge Reports; Serious Incident Report; Medical Records Management; Case Manager; ESL Teacher to Afghan women; Clothing Distribution; Discharge Coordinator; Transportation Coordinator; Case Management; Transportation Assistance; Records Management Specialist; SIR Reviewer; Lead SIR Reviewer; Approvals Box; Medical Transport Driver; Medical Support Team; and COR Support Team.

Defendant does not oppose this motion for notice. The parties have negotiated over a notice. The parties' agreed notice is attached as Exhibit A.

**I.     Factual background.**

This case arises from Grimes's detail with the Department of Health and Human Services Office of Refugee Resettlement Unaccompanied Children Program, informally known as Operation Artemis. *See* Dkt. 1 (Complaint). The Complaint alleges that Defendant violated the FLSA by failing to pay Grimes for overtime work while she was detailed. *Id.* at ¶¶ 44–46.

Although Grimes's ordinary job at DOJ was classified as exempt from the FLSA, and Grimes does not challenge that classification, Grimes contends that she was entitled to be treated as non-exempt while on detail under 5 C.F.R. § 551.211(e). In relevant part, that regulation establishes that an exempt employee should be treated as non-exempt if they perform temporary non-exempt duties for more than 30 consecutive days. While on detail, Grimes performed duties

that she alleges to be non-exempt, such as watching immigrant children, running activities for the children, and helping with their meals. *See* Complaint ¶¶ 20–23. The Complaint further alleges that detailees were told in writing that they would be treated as non-exempt during the detail. *Id.* ¶ 24.

The parties have stipulated that Grimes is one of several dozen DOJ employees detailed through the Program during the past three years. *See* Dkt. 13 at ¶ 2. They have further stipulated that at least some of the other DOJ detailees were not paid for overtime work, like Grimes. *Id.* ¶ 3. And they have stipulated that Grimes is likely similarly situated to other employees meeting the criteria set forth on pages 1-2 of this motion. *Id.* ¶ 4.

## II.    Relevant law regarding court-authorized notice.

Section 16(b) of the FLSA permits plaintiffs to bring an action on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). Similarly situated employees must affirmatively opt into the action to become party plaintiffs. *Barry v. United States*, 117 Fed. Cl. 518, 520 (2014).

Where potential plaintiffs are likely similarly situated to the named plaintiff, courts may approve procedures for a court-issued notice to be sent to potential plaintiffs notifying them of their opportunity to opt-in to the pending case. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989); *Doe v. United States*, 148 Fed. Cl. 437, 440 (Fed. Cl. 2020). This Court regularly approves notice in FLSA cases. *See, e.g.*, *Doe No. 1 v. United States*, 163 Fed. Cl. 608, 611 (2023) (approving notice to employees who were not paid overtime while participating in a training program); *Smith v. United States*, 163 Fed. Cl. 155, 161 (2022) (approving notice to employees allegedly misclassified under the FLSA).

III.    **The Court should approve issuance of the parties' agreed-upon notice.**

The parties agree regarding relevant facts, notice recipients, notice content, and notice procedures.

The parties agree that the proposed notice should be employees who meet the following criteria:

(1) They were employed by the Department of Justice;

(2) They were classified as FLSA exempt;

(3) At any point within the past three years, while a DOJ employee, they went on a detail through the Program;

(4) While on detail, they performed any of the following positions/duties, or any similar position/duty: Youth Care Worker; Onsite Volunteer Coordinator; Youth Care Volunteer; Case Management Volunteer; Line of Sight (LOS); Child Supervision; Spanish Translator; Phone Center Support; Unaccompanied Children (UC) Discharge Reports; Serious Incident Report; Medical Records Management; Case Manager; ESL Teacher to Afghan women; Clothing Distribution; Discharge Coordinator; Transportation Coordinator; Case Management; Transportation Assistance; Records Management Specialist; SIR Reviewer; Lead SIR Reviewer; Approvals Box; Medical Transport Driver; Medical Support Team; and COR Support Team.

These employees are similarly situated with respect to Grimes's claims. Specifically, Grimes challenges the failure to pay overtime to detailees, which appears to be based on Defendant's failure to recognize that the detailees' temporary duties at the Program required them to be treated as non-exempt under 5 C.F.R. § 551.211(e). *See Doe v. United States*, 147

Fed. Cl. 421, 423 (Fed. Cl. 2020) (finding certification and notice appropriate because plaintiffs challenged a common policy alleged to be unlawful).

The proposed notice adopts language similar to notices approved by this court. *See, e.g.*, *Plaintiff No. 1 et al.*, Case No. 19-1019C, ECF No. 107 (Mar. 1, 2022) (authorizing notice to employees who attended Department of Defense training course); *Plaintiff No. 1 et al. v. United States*, Case No. 20-167C, ECF No. 18 (May 27, 2020) (approving notice to FBI Investigative Specialists); *Doe No. 1, et al. v. United States*, Case No. 19-1748C, ECF No. 33 (April 24, 2020) (approving notice to FBI Language Specialists).

The proposed notice avoids "the appearance of judicial endorsement of the action," as required. *Hoffmann-La Roche*, 493 U.S. at 174. It also provides potential plaintiffs with accurate and sufficient information regarding joining the case, including that it: 1) informs potential plaintiffs that they may be deposed or required to testify, 2) sets out the arrangements for attorney's fees and costs, and 3) notifies potential plaintiffs that they are free to file their own lawsuit.

Plaintiff proposes the following procedure for giving notice to potential plaintiffs. Defendant will provide Plaintiff's counsel the names, email, and postal addresses of potential plaintiffs within 20 days of the date the Court enters an order granting this motion. Plaintiff's counsel will then promptly send the notice by email and first-class mail along with an enclosed self-addressed stamped envelope to potential plaintiffs for return by no later than 90 days from the date the notice is mailed. Plaintiff's counsel will advise the Court and Defendant's counsel when the notice has been sent and the deadline for returning consent forms.

The email will contain only the Court-approved notice and no other language.  The subject line of the email will be "Legal Notice and Opportunity to Join Lawsuit." The envelope

sending the notice to postal addresses will contain only the Court approved notice, and will have printed on the outside "Legal Notice and Opportunity to Join Lawsuit." To the extent the notice is undeliverable to potential plaintiffs' email or postal addresses, if necessary, the parties will confer within no more than five business days of plaintiffs' counsel so notifying Government counsel.

After notice is sent once by email and first-class mail, Plaintiff's counsel may send a second notice. The second notice will be identical to the first notice, except that Plaintiff's counsel may update the number of plaintiffs in the case at the time the second notice is sent. The second notice will be sent by first-class mail and email to potential plaintiffs from whom they have not received a consent form approximately 20 days before the deadline for receipt of consent forms. Plaintiff will bear the cost of sending a second postal mailing or email, which will not be reimbursed by the United States.

## IV.    Conclusion

Plaintiff requests that the Court grant the motion, and approve sending the proposed notice (Exhibit A) to employees meeting the criteria set forth in this motion.

Respectfully submitted,

*/s/ Daniel M. Rosenthal*
Daniel M. Rosenthal
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
Tel: (202) 496-0500
Fax: (202) 496-0555
dmrosenthal@jamhoff.com

*Counsel for Plaintiff*

Date: April 27, 2023